[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12469
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20734-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMOND LEVAIL OSLEY,
a.k.a. D-LO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 15, 2009)

Before DUBINA, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Appellant Demond Osley, who was convicted of sex offenses involving a

minor, appeals his 365-month total sentence imposed as an upward variance from his 210-262 months guideline range.[1] Osley argues that his 365-month total sentence is unreasonable because the reasons cited by the district court – lack of remorse, coercion, beating, effect on the victim, and failure to accept responsibility – were already factored into the guideline range. Further, he argues that because the government did not request an above-guideline sentence and because the additional time was unnecessary to deter him, the sentence was unreasonable. He contends that by imposing a variance based on his partial nonacceptance of responsibility, the district court was punishing him for exercising his right to proceed to trial and to appeal. Finally, he argues that this sentence increases sentencing disparities.

The reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, ___, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). In proving that a court abused its discretion in imposing a sentence, the party challenging that sentence "bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in

---

[1]This is the second appeal we have seen in this case. In the first appeal, we affirmed Osley's convictions and certain sentencing determinations, but we vacated and remanded for the purpose of allowing the district court to clarify whether Osley's sentence resulted from a variance. That has now been confirmed, and we proceed to address Osley's reasonableness challenge here.

[18 U.S.C. §] 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In *United States v. Irizarry*, we held that when a district court utilized a properly-calculated guideline range and then considered the adequacy of that range in light of the § 3553(a) sentencing factors, it constituted a variance and not a departure. 458 F.3d 1208, 1211 (11th Cir. 2006); s*ee also United States v. Eldick*, 443 F.3d 783, 788 n. 2 (11th Cir. 2006) (holding that a sentence constituted a variance and not a departure where the district court did not cite to a specific guidelines departure provision and stated that the guidelines "did not adequately take into account of the severity of the damage done" by the defendant).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to the victims.

A major variance from the guidelines requires more justification than a minor one. *Gall*, 552 U.S. at __, 128 S. Ct. at 597. We will only overturn a sentence if left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (internal quotation marks omitted). It is permissible for a district court to consider factors already accounted-for in an enhancement in imposing an upward variance. *See United States. v. Amedeo*, 487 F.3d 823, 833-834 (11th Cir. 2007).

The district court noted that Osley had not admitted to some of the conduct otherwise found to be present – coercion included. Even though Osley had not received a reduction for acceptance of responsibility, the district court is permitted to impose an upward variance to account for "the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and the need for deterrence." 18 U.S.C. §§ 3553(a)(2), (3). He was not being punished for going to trial or appealing. Rather, the district court considered Osley's lack of remorse and his denial, even at the sentencing hearing, of conduct for which he was found culpable. Although avoiding disparities in sentencing is one goal of the guidelines, a court has discretion to impose a sentence based on the

4

circumstances before it. Thus, Osley's reference to two cases where other defendants received lower sentences does not imply that the district court acted unreasonably in this case. Osley has not shown that the district court acted unreasonably in this case in imposing an upward variance based on the level of coercion and violence he used to force the minor victim to perform sex acts for money and his refusal to accept full responsibility in his case. Because we conclude from the record that the district court considered the applicable § 3553(a) factors and the 365-month sentence is within statutory limits, we hold that it is a reasonable sentence.

**AFFIRMED.**